# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 6, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack,
Justices

145631-2

ANTHONY HENRY and KEITH WHITE,
      Plaintiffs-Appellees,

v

LABORERS LOCAL 1191, d/b/a ROAD
CONSTRUCTION LABORERS OF
MICHIGAN LOCAL 1191 and MICHAEL
AARON,
      Defendants-Appellants,
and

BRUCE RUEDISUELI,
      Defendant.

SC: 145631
COA: 302373
Wayne CC: 10-000384-CD

_____/

MICHAEL RAMSEY and GLENN DOWDY,
      Plaintiffs-Appellees,

v

LABORERS LOCAL 1191, d/b/a ROAD
CONSTRUCTION LABORERS OF
MICHIGAN LOCAL 1191 and MICHAEL
AARON,
      Defendants-Appellants,
and

BRUCE RUEDISUELI,
      Defendant.

SC: 145632
COA: 302710
Wayne CC: 10-004708-CD

_____/

     On order of the Court, the application for leave to appeal the July 3, 2012 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall

include among the issues to be briefed: (1) whether, regardless of the public body involved, the National Labor Relations Act (NLRA), 29 USC 151 *et seq.*, or the Labor Management Reporting and Disclosure Act (LMRDA), 29 USC 401 *et seq.*, preempt Michigan's Whistleblower Protection Act (WPA), MCL 15.361 *et seq.*, if the challenged conduct actually or arguably falls within the jurisdiction of the NLRA or the LMRDA; (2) whether a union employee's report to a public body of suspected illegal activity or participation in an investigation thereof is of only peripheral concern to the NLRA or the LMRDA so that the employee's claims under the WPA are not preempted by federal law; and, (3) whether the state's interest in enforcing the WPA is so deeply rooted that, in the absence of compelling congressional direction, courts cannot infer that Congress has deprived the state of the power to act.

The Attorney General and the Labor and Employment Law Section of the State Bar of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 6, 2013          Clerk

s0130